ANDREAS GUNNALDSON *vs.* ELLING NYHUS, impleaded, etc.

February 5, 1881.

Note for Goods Sold by Unlicensed Auctioneer.—Plaintiff employed one who had no license to act as an auctioneer to sell personal property at auction. Defendant bid in the property, and afterwards gave to plaintiff his promissory note for the amount of the bid. *Held,* the note is not void by reason of the auctioneer's violation of law in selling without a license.

Appeal by defendant, Elling Nyhus, from a judgment of the district court for Fillmore county, *Page,* J., presiding, against himself and one Gunne Olson.

*C. N. Enos,* for appellant.

*E. N. Donaldson,* for respondent.

GILFILLAN, C. J.   Action on a promissory note. The defendant appealing alleged in his answer, as one defence, the

sale at public auction, by a person not licensed as an auction-
eer, and who was at the time known to plaintiff to be unli-
censed, of personal property belonging to plaintiff, to the other
defendant, joint maker of the note; and that the note was
given for the price bid at such sale, which formed the sole
consideration for the note. Evidence of this defence was ob-
jected to and excluded at the trial, on the ground that the
facts so alleged constitute no defence. This is claimed to be
error.

The case is unlike *Ingersoll* v. *Randall*, 14 Minn. 400. In
that case the plaintiff sought compensation for work done in
a manner prohibited by statute; to recover for doing what
was a violation of law. This case would be like that of the
auctioneer, were the plaintiff seeking to recover for the sale
made by him without having a license. Perhaps, also, the
case would come within the principle of that decision, if the
defendant, whose bid was accepted, had refused to do any-
thing further to take the property, or pay the amount of his
bid, and the action were to recover it. But the fact that his
bid was not binding on him, by reason that the act of the
auctioneer in selling at auction without a license was prohib-
ited, did not make it illegal for him subsequently to accept
the property and make a new promise to pay for it. When
sued on the new promise, the void auction sale is not the
basis of the action, but the new promise. The facts pleaded
did not avoid the note.

Judgment affirmed.