(63 Misc. Rep. 324.)

VAN PRAAG & CO. v. WEINBERG.

(Supreme Court, Appellate Term.  May 27, 1909.)

1. AUCTIONS AND AUCTIONEERS (§ 8*)—NONCOMPLIANCE WITH BID—LIABILITY
    OF BIDDER—EFFECT OF RESALE BY UNLICENSED AUCTIONEER.
        Where the buyer of goods sold at auction failed to pay therefor, the fact
    that the resale thereof was not conducted by a licensed auctioneer might
    subject the seller or the person conducting the auction to the penalty pre-

scribed by statute; but it would not relieve the buyer from the obligation incurred by his bid at the original sale.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. § 33; Dec. Dig. § 8.*]

2. AUCTIONS AND AUCTIONEERS (§ 7*)—VALIDITY OF SALE BY UNLICENSED AUC-TIONEER.

A sale at auction, made by a person not licensed, is good, even though it subjects the auctioneer to a penalty.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. § 24; Dec. Dig. § 7.*]

3 AUCTIONS AND AUCTIONEERS (§ 8*)—NONCOMPLIANCE WITH BID—LIABILITY FOR COMMISSIONS ON RESALE.

One who buys goods at auction and fails to pay therefor cannot be charged with the commissions on a resale.

[Ed. Note.—For other cases, see Auctions and Auctioneers, Cent. Dig. § 33; Dec. Dig. § 8.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Van Praag & Co. against Aron Weinberg. From a judgment for plaintiff, and from an order denying a motion to set aside the verdict, defendant appeals. Judgment modified and affirmed.

See, also, 114 N. Y. Supp. 871.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Samuel J. Goldberg, for appellant.
Isaac V. Shavrien, for respondent.

SEABURY, J. The plaintiff, a corporation, is engaged in the business of a commission merchant and auctioneer, and as such auctioneer claims to have conducted a sale of merchandise on July 20, 1908, and to have sold merchandise to the defendant for $1,885. The defendant representing himself to be financially responsible, no deposit upon this sale was required of him. He failed, however, to pay for the merchandise, and it was resold on July 29th, and the plaintiff has recovered judgment for the difference between the amount of the original sale and the amount of the resale.

This case was before this court upon a former appeal, when a judgment recovered by the plaintiff was reversed, because of the exclusion of certain competent evidence that was offered. There is no proof in the record that the plaintiff corporation is licensed as an auctioneer. The original sale was made by the president of the plaintiff, who was a duly licensed auctioneer. At the time of the resale the president of the plaintiff, who was the only licensed auctioneer in the employ of the plaintiff, was prevented by illness from conducting the auction, and it was conducted by another employé, who was not a licensed auctioneer. The fact that the resale was not conducted by a licensed auctioneer is the chief ground upon which the appellant seeks the reversal of this judgment. This fact might subject the plaintiff or the person conducting the auction to the penalty prescribed by statute; but it does not relieve the defendant from the obligation he incurred by his bid at the original sale, or furnish any justification for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his present attempt to repudiate the contract which he then made. Bogart v. Regan, 1 E. D. Smith, 590. The rule applicable to this case, as enunciated by the authorities, is concisely and correctly stated in 4 Cyc. 1048, as follows:

"A sale at auction, made by a person not licensed, is good, even though the act of selling subjects the auctioneer to a penalty."

In Gunnaldson v. Nyhus, 27 Minn. 440, 8 N. W. 147, it was held that a note given for property purchased at an auction sale is not void because of the failure of the auctioneer to obtain a license as required by statute.

Other grounds of error are assigned; but they were not prejudicial to the defendant, or of such importance as to require discussion. Plaintiff had no right, however, to charge commissions upon the resale, amounting to the sum of $60.

Judgment modified, by reducing the same by the sum of $60, and, as modified, affirmed, with costs. All concur.