CLARENCE A. SPEAR, Plaintiff, *v.* RALPH HOXSIE and JENNIE WHALEN, Defendants.

Supreme Court, Special Term, Chemung County, October 23, 1937.

*Mandeville, Waxman, Buck, Teeter & Harpending,* for the plaintiff.

*Albert R. Sherman,* for the defendants.

PERSONIUS, J. This action is brought to recover a deficiency arising upon the resale of a motor truck under a conditional sales contract. The sale was not conducted by a licensed auctioneer.

Section 79 of the Personal Property Law provides that such sales shall be at " public auction." Section 23 of the General Business Law provides in substance that a " public auction " must be conducted by an auctioneer licensed thereunder. The only question is whether such a sale must be conducted by a licensed auctioneer. The defendant relies on *LaRocca Builders, Inc.,* v. *Sanders* (230 App. Div. 594, 596). There " many of the provisions of the Uniform Conditional Sales Act were not complied with " (p. 598). What was said at page 596 is dictum. In our opinion, the words " public auction," as used in said section 23, taken in their ordinary sense, refer to sales by persons engaged in the business of auctioneering and do not include sales under conditional sales contracts. Such sales need not be conducted by licensed auctioneers. (*Witter* v. *Bank of Milpitas,* 204 Cal. 570; 269 P. 614, 619; *Op. Atty.-Gen.,* 45 State Dept. Rep. 160, 175. See, also, *Van Praag & Co.* v. *Weinberg,* 63 Misc. 324.)

Motion granted, with ten dollars costs.

Submit order accordingly.